# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Zyppah, Inc., | Case No.: 2:17-cv-02840-JAD-PAL |
| Plaintiff | **Order Granting Motion to Dismiss Petition, Denying Petition and Motion to Compel Arbitration, and Closing Case** |
| v. | |
| Daniel Allemeier, Jr., | [ECF Nos. 1, 8, 10] |
| Defendant | |

Zyppah, Inc. petitions and moves under the Federal Arbitration Act (FAA) to compel Daniel Allemeier, Jr. to arbitrate his employment disputes with Zyppah in Nevada, and to enjoin the arbitration that Allemeier initiated when he filed an arbitration demand requesting a hearing in California.[1] Allemeier moves to dismiss the petition, arguing that Zyppah cannot compel arbitration under the FAA because it is not an aggrieved party as Allemeier has not refused to arbitrate the employment dispute.[2] Allemeier further argues that arbitral venue is a procedural question that is presumptively for the arbitrator to decide.[3]

I find that Zyppah is not an "aggrieved" party under the FAA and, thus, cannot compel arbitration under the Act because Allemeier has not failed, neglected, or refused to arbitrate the employment dispute consistent with the parties' arbitration agreement. I also find that the parties committed the question of arbitral venue to arbitration. So, I grant Allemeier's motion to dismiss the petition, deny Zyppah's petition and motion to compel arbitration, and close this case.

---

[1] ECF Nos. 1 (petition), 8 (additional motion to compel).
[2] ECF No. 10.
[3] *Id.*

**Background**

Zyppah employed Allemeier as the president of its Professional Division in January 2017, but terminated him five months later based on alleged fiduciary-duty breaches, work-performance issues, and failures to comply with the terms of the employment contract. Two months later, Allemeier filed a demand for arbitration with the American Arbitration Association (AAA), arguing that Zyppah breached the employment contract and a corporate officer interfered with his work performance. Allemeier requested that the arbitration hearing occur in Los Angeles, California. Zyppah promptly informed the AAA that it interpreted the employment contract to require the parties to arbitrate in Nevada. Allemeier responded that California is proper under his interpretation of the contract.

The AAA's "Employment Filing Team" acknowledged the parties' dispute and stated that "[t]he parties may choose to raise the issue of . . . the locale to the arbitrator for further clarification." Zyppah then petitioned this court to compel Allemeier to arbitrate in Nevada and enjoin the California arbitration.[4] In light of Zyppah's petition, the AAA stayed the arbitration, and it has extended that stay until May 7, 2018.[5]

**Discussion**

**A.  Zyppah is not an "aggrieved" party under the FAA.**

Section 4 of the FAA states that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any" U.S. district court that, "save for such agreement, would have jurisdiction under title 28 . . . of the subject matter of a suit arising out of the controversy between the parties, for an order directing

---

[4] ECF No. 1.
[5] ECF No. 25.

that such arbitration proceed in the manner prescribed in such agreement."[6] Zyppah argues that it is aggrieved because Allemeier, in requesting and arguing for the arbitration hearing to occur in California, is not arbitrating consistent with the terms of the parties' arbitration agreement. Zyppah interprets the arbitration agreement to state that Nevada is the exclusive venue in which the parties can resolve their disputes.

The employment agreement between Zyppah and Allemeier states that:

> Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association in accordance with its Employment Arbitration Rules and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.[7]

This language is contained in—and is the entirety of—paragraph 24 of the employment contract, which is entitled "Arbitration."[8] The parties agree that this is a valid arbitration agreement that binds both of them. They also agree that Allemeier's employment dispute falls within the scope of this agreement. But the arbitration agreement is silent about the arbitral venue. And it is undisputed that Allemeier initiated arbitration proceedings with the AAA for his employment dispute. So, I am at a loss for how, in requesting and arguing for the arbitration hearing to occur in California, Allemeier has failed, neglected, or refused to arbitrate consistent with the parties' arbitration agreement.

---

[6] 9 U.S.C. § 4.
[7] ECF No. 8 at 21, ¶ 24.
[8] *Id.*

3

Zyppah argues that this case is similar to *In re Cintas Corp. Overtime Pay Arbitration Litigation*.[9] As the U.S. District Court for the Northern District of California explained in that case, § 4 "speaks of a party's failure or refusal to arbitrate *under a written agreement for arbitration*. If the written agreement contains a place-of-arbitration clause, then logically, a party's attempt to arbitrate elsewhere is a refusal to arbitrate under the agreement."[10] But the Zyppah-Allemeier arbitration agreement—which, to be clear, is just paragraph 24 of the employment contract—does not designate a place of arbitration. It's a different part of the employment contract that discusses venue.

Paragraph 19 of the employment contract, entitled "Applicable Law," states that:

> This Agreement shall be governed by and construed in accordance with the internal substantive laws, and not the choice of law rules, of the State of Nevada. Employee hereby consents to the exclusive personal jurisdiction and venue of the courts of the federal and state courts in the State of Nevada, or any state in which the Company is then headquartered.[11]

But this paragraph is its own self-contained provision under the employment contract that is separate from the arbitration agreement. Assuming Zyppah's factual allegations are true, I find that Allemeier hasn't refused to arbitrate consistent with the parties' arbitration agreement, so Zyppah is not an "aggrieved" party and cannot use § 4 of the FAA to compel Allemeier to

---

[9] *In re Cintas Corp. Overtime Pay Arbitration Litig.*, 2007 WL 1089695 (N.D. Cal. Apr. 11, 2007) ("*Cintas*").

[10] *Id.* at *6; *c.f. Vogel v. Vogel*, 2014 WL 12575815, at * 1 (C.D. Cal. June 23, 2014) (citing *Cintas* for the proposition that, "[i]f the parties agreed that arbitration was appropriate as to the entire dispute, but contested only the appropriate forum for the arbitration," then the "contention" that petitioners "are not 'aggrieved' parties" "would be worthy of consideration").

[11] ECF No. 8 at 21, ¶ 19.

arbitrate in Nevada. I therefore dismiss Zyppah's petition to compel arbitration and deny its motion to compel arbitration.

B.     **The parties committed the question of arbitral venue to arbitration.**

Even if I were to conclude that Zyppah is an "aggrieved" party under § 4 of the FAA, I would still dismiss its petition because, under the terms of the parties' arbitration agreement, the question of arbitral venue is for the arbitrator to decide. The parties agreed that "[a]ny controversy or claim arising out of or related to [the employment contract] . . . shall be settled by arbitration administered by the [AAA] . . . ."[12] The dispute about what the employment contract means (i.e., does it require the parties to arbitrate in Nevada) arises out of the employment contract. Thus, it appears that the parties agreed that an arbitrator, not a judge, would answer the question of arbitral venue.

"In certain limited circumstances, courts assume that the parties intended courts, not arbitrators, to decide a particular arbitration-related matter (in the absence of 'clear and unmistakable' evidence to the contrary)."[13] "These limited instances typically involve matters of a kind that 'contracting parties would likely have expected a court' to decide."[14] "They include certain gateway matters, such as whether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy."[15]

---

[12] ECF No. 8 at 21, ¶ 24.

[13] *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003) (quoting *AT&T Tech., Inc. v. Comm. Workers*, 475 U.S. 643, 649 (1986)) (brackets omitted).

[14] *Id.* (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)).

[15] *Id.* (collecting cases).

5

But the question here—did the parties agree to an arbitral venue—"does not fall into this narrow exception."[16] This question does not concern "the validity of the arbitration clause nor its applicability to the underlying dispute between the parties."[17] It also does not question "whether the parties wanted a judge or an arbitrator to decide if they agreed to arbitrate a matter."[18] The relevant question here concerns contract interpretation and possibly arbitration procedures. "Given these considerations, along with the arbitration [agreement's] sweeping language concerning the scope of the questions committed to arbitration, this matter of contract interpretation should be for the arbitrator, not the courts, to decide."[19]

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Allemeier's motion to dismiss **[ECF No. 10] is GRANTED** and Zyppah's petition and motion to compel arbitration **[ECF Nos. 1 and 8] are DENIED**. The Clerk of Court is directed to enter an order dismissing this action and to CLOSE THIS CASE.

Dated: April 24, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[16] *See id.*; *see also Bamberger Rosenheim, Ltd. (Israel) v. OA Dev., Inc. (U.S.)*, 862 F.3d 1284, 1287–88 (11th Cir. 2017) (concluding "that questions of arbitral venue, even those arising in international arbitration, are presumptively for the arbitrator to decide"); *UBS Fin. Services, Inc. v. W. Va. Univ. Hosp., Inc.*, 660 F.3d 643, 654–55 (2d Cir. 2011) (panel majority holding "that venue is a procedural issue that [the] arbitrators should address in the first instance, and that the [d]istrict [c]ourt lacked subject[-]matter jurisdiction to resolve it"); *c.f. Cen. W. Va. Energy, Inc. v. Bayer Cropscience LP*, 645 F.3d 267, 273–74 (4th Cir. 2011) (likening the question of what number of arbitrators the parties agreed to as one "far more akin to a venue dispute than a question of arbitrability, and, as such, it is appropriate for arbitral resolution").

[17] *See Green Tree Fin. Corp.*, 539 U.S. at 452.

[18] *See id.* (emphasis omitted).

[19] *See id.* at 453.