**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Zyppah, Inc.,

    Petitioner

v.

Daniel Allemeier, Jr.,

    Respondent

Case No.: 2:17-cv-02840-JAD-PAL

**Order Denying Motion for Attorney's Fees**

[ECF Nos. 28, 35, 37]

    Petitioner Zyppah, Inc. employed respondent Daniel Allemeier, Jr., as the president of its Professional Division in January 2017, but terminated him five months later based on alleged fiduciary-duty breaches, work-performance issues, and failures to comply with the terms of the employment contract. Soon after, Allemeier filed a demand for arbitration with the American Arbitration Association (AAA) and requested a Los Angeles, California venue. Zyppah responded that the employment contract required the parties to arbitrate their disputes in Nevada.

    Neither party would budge on the arbitral-venue issue, so Zyppah brought this action to compel Allemeier to arbitrate in Nevada and to enjoin the California arbitration. Eventually I granted Allemeier's motion to dismiss Zyppah's petition because Zyppah was not an aggrieved party under the Federal Arbitration Act (FAA), and the question of arbitral venue was one for the arbitrator to decide.[1] Allemeier now submits a bill of costs[2] and moves to have Zyppah pay his attorney's fees.[3] I find that Allemeier's requests are premature, so I deny them without prejudice to his ability to renew them before the arbitrator.

**Discussion**

    Zyppah opposes Allemeier's separate requests for fees and costs because, among other bases, he is not yet a prevailing party within the meaning of NRS § 18.010(2)(b) because the

---

[1] ECF No. 26.

[2] ECF No. 29.

[3] ECF No. 28.

1

underlying unlawful-termination issues are still unresolved. I agree. None of the parties' cited, binding authority addresses whether a party who successfully defends against a motion to compel arbitration is a prevailing party. But Zyppah cites to *Perry v. NorthCentral University, Inc.*,[4] for the proposition that this dismissal stage is merely a procedural transfer of venue within the overarching employment-litigation and not a victory on a significant issue.[5] I recently adopted the *Perry* reasoning in another, materially similar case:

> In *Perry* . . . Judge Rosenblatt declined to award the defendant attorney's fees because it was not yet a prevailing party: "[A]n order compelling arbitration, being merely a preliminary procedural order that is not on the merits and does not materially alter the legal relationship of the parties, does not make the litigant obtaining the order a prevailing party for purposes of a fee award." He went on to reason "that the defendants should not . . . be awarded their attorneys' fees for succeeding . . . on nothing more than effecting a change in the forum charged with deciding the merits of the plaintiff's claims." And because the arbitrator had not yet resolved the plaintiff's claims in the defendants' favor, "there would be no justification for awarding the defendants attorneys' fees for simply obtaining their preferred choice of forum" because "it would be a completely hollow victory for the defendants to have procured arbitration, if the arbitrator rules against them."[6]

The procedural posture in *Perry* is different than the one here, but the end result is the same. Perry filed a civil action, and NorthCentral University moved to compel Perry to arbitrate his disputes. Allemeier, by contrast, first filed a demand to arbitrate in Los Angeles, then Zyppah brought this petition to compel arbitration in Nevada, and Allemeier moved to dismiss Zyppah's compelled-arbitration-venue petition. When NorthCentral University's motion was granted, the parties went to arbitration. Similarly, when I granted Allemeier's dismissal motion, the parties went to arbitration. So, the *Perry* reasoning is just as applicable here, regardless of the nuanced procedural differences.

---

[4] *Perry v. NorthCentral University, Inc.*, 2012 WL 1753014, at *1 (D. Ariz. May 16, 2012).

[5] ECF No. 34 at 5.

[6] *Bailey v. AffinityLifestyles.com, Inc.*, 2:16-cv-02684-JAD-VCF, ECF No. 38 (order) (internal citations omitted).

Because the parties have submitted their disputes to arbitration, it is the province of the arbitrator to decide who the prevailing party will be and whether to award that party reasonable attorney's fees and costs.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Allemeier's motion for attorney's fees **[ECF No. 28] is DENIED**, Allemeier's supplemental motion for attorney's fees **[ECF No. 35] is DENIED as moot**, and Zyppah's motion to strike Allemeier's supplemental motion for attorney's fees **[ECF No. 37] is also DENIED as moot.**

Dated: June 7, 2018

_____
U.S. District Judge Jennifer A. Dorsey